JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 13 CV 1629

-------------------------------------------------------------------- x

LEVITON MANUFACTURING CO., INC.,

                    **Plaintiff,**

           -against-

FASTMAC PERFORMANCE UPGRADES, INC. and
TRUEPOWER, INC.,

                    **Defendants.**

Docket No.



**COMPLAINT**

**DEMAND FOR JURY**

-------------------------------------------------------------------- x

        Plaintiff Leviton Manufacturing Co., Inc. ("Leviton" or "Plaintiff"), by and through its

undersigned attorneys, Kane Kessler, P.C., as and for its complaint against Defendants FastMac

Performance Upgrades, Inc. ("FastMac") and TruePower, Inc. ("TruePower") (collectively, the

"Defendants"), alleges as follows:

## NATURE OF THE ACTION

        1.      This is a civil action for trademark infringement, false designations of origin and

dilution under 15 U.S.C. § 1051 *et seq*., as amended, (the "Lanham Act"), false and misleading

commercial activities arising under New York General Business Law, §§ 349, 350, 360-K and

360-1, as well as the common law of the State of New York.

        2.      By this action, Leviton seeks remedy for Defendants' repeated, persistent and

intentional infringement of Leviton's intellectual property rights despite due notice and demand

that Defendants cease and desist from such infringement.

## JURISDICTION AND VENUE

        3.      This Court has subject matter jurisdiction over the claims in this action pursuant

#364039.14

28 U.S.C. §§ 1331 and 1338 (a) and (b), because this action arises under the trademark and unfair competition laws of the United States, 15 U.S.C. § 1121. This Court further has subject matter over the claims in this action pursuant to 28 U.S.C. § 1367 and the principles of supplemental and pendent jurisdiction, because, *inter alia,* such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.      Upon information and belief, this Court also has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds, exclusive of interest and costs, the sum of Seventy Five Thousand Dollars ($75,000).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400.

6.      Upon information and belief, a substantial part of the events and omissions on which plaintiff's claims are based occurred in this district, and Defendants are doing business in this district.

## THE PARTIES

7.      At all times hereinafter mentioned, Leviton is a Delaware corporation, with its principal place of business located at 201 North Service Road, Melville, New York 11747.

8.      Upon information and belief, at all times hereinafter mentioned, defendant FastMac is a California corporation, with its principal place of business located at 1245 Laurelwood Road, Santa Clara, California 95054. FastMac regularly does, transacts and/or solicits business in this State and judicial district, and regularly contracts to supply goods or services, and has supplied the accused products into this State and judicial district, and is

2

#364039.14

therefore subject to the personal jurisdiction of this Court.

9.      Upon information and belief, defendant TruePower is a California corporation which maintains business addresses at 15466 Los Gatos Boulevard, Suite, 10967, Los Gatos, California 95032 and 1172 S. Main Street, Suite 243, Salinas, California 93901, and is transacting and doing business in this judicial district and is subject to the personal jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS

### History of Leviton and its Mark

10.      Founded in 1906, Leviton is engaged in the business of manufacturing, promoting, advertising, distributing and selling electrical wiring devices, network and data center connectivity solutions, and lighting energy management systems.  For more than a century, Leviton has made a significant investment in research and development, manufacturing, distribution, human capital and training in order to deliver products of the highest quality and safety ratings.

11.      Presently, approximately nine out of ten homes in North America utilize Leviton products.  Builders, electrical contractors and other industry professionals consistently rank Leviton wiring devices number one in brand performance.  Today, Leviton has a portfolio of approximately 25,000 products covered by nearly 600 active U.S. patents and employs, directly and indirectly, more than 6,000 people.

12.      All Leviton facilities and supporting organizations are ISO 9000-9001 certified; Leviton testing laboratories are certified by Underwriters Laboratories, Inc. ("UL");  and all of Leviton's wiring products are certified by any or all of UL, the European Union ("CE"), Canadian Standards Association ("CSA"), China Compulsory Certificate ("CCC") or Norma

#364039.14

Official Mexicana ("NOM").

13.     Leviton's wiring products which are made for North America are designed to be used and installed in accordance with the National Electrical Code (NEC). The NEC specifies that all electrical products must be "Listed" with a Nationally Recognized Testing Laboratory (NRTL).

14.     UL is a NRTL and, as such, UL reviews electrical products for compliance with the NEC. UL's Standard for Safety UL-498 sets safety standards for electrical receptacles, including Leviton's receptacles, such as those which feature 2 three-prong outlets, commonly used in residential and commercial applications.

15.     One of Leviton's most important achievements is the consistency with which its products meet or exceed industry standards for both quality and safety. Over the last century, Leviton's leadership in the field of providing first-class electrical and data wiring products has caused the Leviton name to be regarded as a symbol of quality craftsmanship and engineering.

16.     Leviton receptacles are Listed with UL in accordance with their Standard for Safety UL-498.

17.     Leviton owns numerous trademarks, service marks, logos, taglines, tradenames and distinctive features for its electrical wiring devices, network and data center connectivity solutions and lighting management systems.

18.     Among the trademarks and trade dress utilized by Leviton to identify the source of its products are the trademarks LEVITON®, **LEVITON** ® and DECORA® (collectively, the "Leviton Marks"). Specifically, Leviton is the owner of the following registered United States trademarks and pending United States trademark applications:

4

| Trademark | Serial No./Registration No. |
|---|---|
| LEVITON | U.S. Trademark Reg. No. 2594280 |
| LEVITON | U.S. Trademark Reg. No. 1892953 |
| DECORA | U.S. Trademark Reg. Nos. 1004736 and 2594280 |

19.     All of the registered trademarks listed above are valid and subsisting, and U.S. Trademark Reg. Nos. 2594280, 1892953, 1004736 and 2594280 and have become incontestable.

20.     Leviton has spent millions of dollars to extensively advertise and promote its electrical wiring devices, network and data center connectivity solutions, and lighting energy management systems under the Leviton Marks.

21.     As a result of the significant effort, time and expense of Leviton for over one hundred years, the Leviton Marks reflect Leviton's stellar reputation and have become strong and famous source identifiers for Leviton's products in North America and throughout the world.

22.     Leviton has established a worldwide reputation for the uniform high quality of electrical wiring devices, network and data center connectivity solutions, and lighting energy management systems sold under or in connection with the Leviton Marks, as set forth above, including Leviton's receptacles. These products have accordingly acquired outstanding renown and invaluable goodwill around the world.

**Defendants' Infringing and Unfair Competitive Activities**

23.     Upon information and belief, Defendants are engaged in the business of creating and manufacturing "upgrade" products for original equipment manufacturers ("OEM"), and sells directly to end-users as well as distributors and dealers.

5

#364039.14

24.     Upon information and belief, one of the "upgrade" products offered by Defendants is the "U-Socket." The "U-Socket" is a combination AC receptacle which includes two built-in USB ports that can be used to charge compatible devices via USB, and is purportedly designed to replace an existing three-prong wall outlet.

25.     Upon information and belief, in order to produce the "U-Socket" product, Defendants first acquires genuine Leviton electric receptacles and wallplates, both of which bear the Leviton Marks. Then, without Leviton's permission or authorization, and without obtaining proper certifications, Defendants extensively and materially alter, change and modify the Leviton products by (i) adding, through electrical wires and connections, non-Leviton voltage transforming circuitry and USB ports, which may compromise safety, integrity and compliance with applicable codes and certification standards; and (ii) cutting holes within the genuine Leviton wallplate to accommodate such modification, which may compromise safety, integrity, appearance and compliance with applicable codes and certification standards. An example of a genuine Leviton product and Defendants' product reflecting the above referenced modifications is depicted in the photographs below.

UNMODIFIED RECEPTACLE AND WALLPLATE



MODIFIED RECEPTACLE AND WALLPLATE



#364039.14

26.     Defendants offer the altered receptacles and wallplates for sale to the general public as "U-Sockets," with the original Leviton Marks remaining intact thereon, giving the clear and false impression that modifications have been made by Leviton.

27.     The manner in which these products are marked by Defendants create a likelihood of confusion among Defendants' customers and any occupants of any dwelling or commercial building where the modified receptacles and wallplates are installed.

28.     Upon information and belief, the "piggy-backing" of the two USB ports via the back-wire push-in contacts onto the genuine Leviton receptacle has affected the integrity of the Leviton product insofar as the modifications affect the intended use, quality and safety of the products and the UL and other certifications.

29.     The Leviton receptacle was not designed, certified or listed by UL (certification and listing identified herein as "Listed") to have a heat-producing appendage attached in the manner in which Defendants has modified the product.   As such, the modification not only violates the UL Listing, but also voids the Listing mark on Leviton's receptacle since the Listing mark on the receptacle does not imply Listing of the entire modified apparatus.

30.     Therefore, installation of the modified product where regulated by the NEC constitutes a violation of the NEC.

31.     Defendants' actions affect the core function, design, quality and integrity of the Leviton receptacle and wallplate, such that the modified "U Socket" product is not a genuine Leviton product.   Therefore, the sale by Defendants of the "U-Socket" under the Leviton Marks and UL List creates a likelihood of confusion by consumers and observers of the "U-Socket" that the "U-Socket" is authorized by, approved by and/or associated with Leviton, when it is not.

8

#364039.14

32.   Defendants have not sought or received a license or authorization from Leviton for any purpose whatsoever, including for the acts described herein.

33.   Defendants' modifications have been performed without Leviton's oversight and outside of Leviton's strict quality control standards and process.

34.   By letter dated June 9, 2011, Leviton demanded that Defendant FastMac immediately cease and desist from (i) selling the modified products which bear the Leviton Marks; (ii) distributing and selling the modified products bearing the Leviton Marks through FastMac's distributors, resellers, sales agents, etc.; (iii) marketing and/or advertising the modified products bearing the Leviton Marks, and (iv) using any photos, images, etc. of the modified product which bear the Leviton Marks.

35.   Defendants failed to respond to or comply with Leviton's demand of June 9, 2011.

36.   By letter dated November 27, 2012, Leviton reiterated its cease and desist demands to Defendants, as set forth in Leviton's letter of June 9, 2011.

37.   Defendants again failed to respond to or comply with Leviton's demands.

**COUNT I**

**FEDERAL TRADEMARK INFRINGEMENT**
**15 U.S.C. § 1114(1)**

38.   Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 37 above, as if same were fully set forth herein.

39.   Long after Leviton's adoption of the Leviton Marks and the issuance of Leviton's federal registrations for same, Defendants commenced the sale, offer for sale and distribution of altered and infringing electrical receptacles and wallplates using Leviton Marks, as set forth

#364039.14

above, all in violation of 15 U.S.C. § 1114(1).

40.     Defendants' activities, as described herein, constitute willful and intentional infringement of the above-identified registered trademarks, are in total disregard of Leviton's rights and were commenced and have continued in spite of Defendants' knowledge that the use of such trademarks or a copy or a colorable imitation thereof in the manner described herein was and is in direct contravention of Leviton's rights.

41.     The use by Defendants of copies of such trademarks in the manner described herein has been without the consent of Leviton, is likely to cause confusion and mistake in the minds of the purchasing public as well as persons observing the product and, in particular, tends to and does falsely create the impression that Defendants' modified electrical receptacles and wallplates, the design thereof, and the placement of the USB ports thereon has been done to Leviton's standards and with the authorization, approval or sponsorship of Leviton.

42.     Defendants' retention of the Leviton Marks on the modified products manufactured, sold and distributed by Defendants constitutes trademark counterfeiting insofar as the public is more likely to be deceived by an original mark on a counterfeit, or non-genuine product.

43.     Unless enjoined by the Court, Defendants will continue to infringe Leviton's rights in its registered Leviton Marks, thereby causing immediate and irreparable injury to Leviton.

44.     Leviton has no adequate remedy at law.

45.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights, pursuant to 15 U.S.C. §§

#364039.14

1114 and 1116.

46.     By reason of the foregoing, Leviton is entitled to an order requiring the recall of all U-Sockets sold to date, and/or the destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118.

47.     Leviton has suffered damages as a proximate result of Defendants' infringing acts and is entitled to recover damages in an amount to be determined at trial, but not less than $500,000, plus interest, and is further entitled to recover Defendants' profits resulting from their acts of infringement, along with treble damages, statutory damages, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING
AND UNFAIR COMPETITION
15 U.S.C.§ 1125(a)**

48.     Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 47 above, as if same were fully set forth herein.

49.     The use by Defendants of the Leviton Marks in the manner described herein is likely to cause confusion or mistake in the minds of the purchasing public, as well as persons observing the product and, in particular, tends to and does create the false impression that Defendants' modified electrical receptacle and wallplates, the design thereof, and the placement of the USB ports thereon were done to Leviton's standards and with the authorization, approval and/or sponsorship of Leviton.

50.     Defendants have affixed, applied, or used in connection with the sale of its goods in interstate and/or international commerce, false descriptions and representations, which tend falsely to describe or represent that the goods and services offered by Defendants are sponsored

#364039.14

by, authorized by or connected with Leviton, all without Leviton's authorization.

51.     Defendants' uses of the Leviton Marks for its modified products in interstate commerce as hereinbefore alleged misrepresented the nature, characteristics and qualities of Defendants' goods and constitute unfair competition and false representation under federal law.

52.     Defendants' use of the Leviton Marks in connection with the modified products is an attempt to trade on the goodwill of the genuine products of Leviton which have been widely and extensively advertised through various mediums throughout several decades.

53.     Defendants' use in commerce of trademarks which belong to Leviton in connection with Defendants' production, sale and distribution of the modified products constitutes false designation of origin under federal law.

54.     Defendants' activities, as described herein, constitute willful and intentional uses, appropriations and infringements of the Leviton Marks; completely and deliberately disregard Leviton's rights and were commenced and have continued in spite of Defendants' knowledge that the use of these trademarks or a simulation thereof in the manner described herein was and is in direct contravention of Leviton's rights and constitute false designation of origin, false advertising and unfair competition, in violation of 15 U.S.C. § 1125(a).

55.     Unless enjoined by the Court, Defendants will continue to infringe Leviton's rights in its registered Leviton Marks, thereby causing immediate and irreparable injury to Leviton.

56.     Leviton has no adequate remedy at law.

57.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights under 15 U.S.C. §

12

#364039.14

1125(a).

58.     By reason of the foregoing, Leviton is entitled to an order requiring the recall of all U-Sockets sold to date and/or the destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118.

59.     Leviton has suffered damages as a proximate result of Defendants' infringing acts and is entitled to recover damages in an amount to be determined at trial, but not less than $500,000, plus interest, and is further entitled to recover Defendants' profits resulting from its acts of infringement, along with treble damages, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

**COUNT III**

**FEDERAL TRADEMARK DILUTION**
**15 U.S.C. § 1125(c)**

60.     Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 59, above as if same were fully set forth herein.

61.     The trademark LEVITON was first used in commerce by Leviton as early as 1924, and has been continuously used by Leviton in interstate and/or international commerce since that time in connection with the manufacture, advertising, distribution and sale of electric receptacles and wallpates.

62.     The trademark DECORA was first used by Leviton in commerce as early as 1973, and has been continuously used by Leviton in interstate and/or international commerce since that time in connection with the manufacture, advertising, distribution and sale of electric receptacles and wallpates.

63.     The trademark **LEVITON** was first used in commerce by Leviton as early as

13

#364039.14

1924, and has been continuously used by Leviton in interstate and/or international commerce since that time in connection with the manufacture, advertising, distribution and sale of electric receptacles and wallpates.

64.     The Leviton Marks are distinctive and famous within the meaning of such terms in 15 U.S.C. § 1125(c).

65.     After the Leviton Marks became famous within the meaning of the Lanham Act, Defendants used, and continue to use, the Leviton Marks in interstate and/or international commerce without Leviton's authorization or consent in connection with the manufacture, advertisement, distribution and sale of the "U-Socket."

66.     Defendants' actions, as described herein, have caused dilution of the famous and distinctive qualities of the Levitan Marks and will continue to dilute the distinctive quality of the Leviton Marks, by destroying the association between Leviton's trademarks and its goods and services and/or by lessening the capacity of Leviton's trademarks to identify and distinguish Leviton as the source of goods offered thereunder.

67.     Defendants' actions, as described herein, are likely to and have tarnished Leviton's reputation by association with designs incorporating cheaper materials, a different design, and inferior workmanship than those used by Leviton on comparable genuine items.

68.     Defendants' conduct, as alleged herein, was committed knowingly and willfully and with the intent to trade on Leviton's goodwill and business reputation and/or to cause dilution of Leviton's famous trademark.

69.     Unless enjoined by the Court, Defendants will continue to dilute Leviton's famous trademarks, thereby causing immediate and irreparable injury to Leviton.

70.     Leviton has no adequate remedy at law.

#364039.14

71.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights, pursuant to 15 U.S.C. § 1125(c).

72.     By reason of the foregoing, Leviton is entitled to an order requiring the recall of all U-Sockets sold to date and/or the and destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118.

73.     Leviton has suffered damages as a proximate result of Defendants' infringing acts and is entitled to recover damages in an amount to be determined at trial, but not less than $500,000, plus interest, and is further entitled to recover Defendants' profits resulting from its acts of infringement, along with treble damages, statutory damages, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

## COUNT IV

### NEW YORK DILUTION STATUTE
### N.Y. GEN. BUS L. § 360-l

74.     Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 73 above, as if same were fully set forth herein.

75.     Defendants' actions, as described herein, constitute dilution of the Leviton Marks in violation of New York law, N.Y. General Business Law§ 360-1.

76.     Specifically, Defendants' unauthorized use of the Leviton Marks in interstate commerce and/or international commerce to advertise, promote, market and sell their related electrical products, are likely to cause dilution of Leviton's Marks and are likely to continue to dilute the distinctive quality of Leviton's famous Marks by destroying the association between

15

the Leviton Marks and the wiring devices, network and data center connectivity solutions, and lighting energy management systems designed, manufactured, marketed, distributed and sold by Leviton.

77.     Defendants have undertaken these acts maliciously, willfully, with wonton disregard of Leviton's rights, and with the devious intent to cause confusion, mistake and deception on the part of the public and unfairly compete with Leviton and to prevent Leviton the opportunity to obtain compensation in connection with the commercial exploitation of its products and services.

78.     Defendants' acts have caused, and unless enjoined, will continue to cause, irreparable harm and injury to Leviton, its business, reputation, and opportunity to obtain compensation in connection with the commercial exploitation of their products including, but not limited to, diminution of the value and goodwill associated with the Leviton Mark and injury to Leviton's business, for which there is no adequate remedy at law.

79.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 360-1.

80.     By reason of the foregoing, Leviton is also entitled to recover damages in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as treble damages, exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

16

## COUNT V

### NEW YORK TRADEMARK INFRINGEMENT STATUTE
### N.Y. GEN. BUS L. § 360-k

81.    Leviton repeats and re-alleges each and every allegation contained in paragraphs 1 through 80 above as if set forth fully herein.

82.    Defendants' actions, as described herein, and specifically their use of the Leviton Marks in commerce within the state of New York in connection with their business, constitute infringement of the Marks, in violation of New York Gen. Bus. Law §360-k.

83.    Defendants' unauthorized use in intrastate commerce of the Leviton Marks in connection with their business is likely to cause confusion, mistake and deception on the part of consumers as to Defendants' affiliation, connection, or association with Leviton, and to cause confusion, mistake and deception as to the true origin, sponsorship, or approval of Defendants' business, all in violation of New York Gen. Bus. Law §360-k.

84.    Upon information and belief, Defendants has undertaken these acts maliciously, willfully and with the devious intent to cause confusion, mistake and deception on the part of the public.

85.    Defendants' acts have damaged Leviton's business reputation and goodwill and unjustly enriched Defendants.

86.    Defendants' acts have caused, and unless enjoined, will continue to cause, irreparable harm and injury to Leviton's business reputation and goodwill for which there is no adequate remedy at law.

87.    Defendants' acts also have caused, and unless enjoined, will continue to cause, inevitable public confusion and substantial and irreparable harm to the public for which there is no

17

adequate remedy at law.

88.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 360-m.

89.     By reason of the foregoing, Leviton is also entitled to recover damages in an amount to be determined at trial, but not less than $500,000, plus interest, including, but not limited to, profits made by Defendants using the Leviton Marks, as well as reasonable attorneys' fees and the costs of this action, pursuant to New York Gen. Bus. Law §360-m.

90.     Leviton is further entitled to recover additional treble damages and reasonable attorneys' fees pursuant to New York Gen. Bus. Law §360-m, since Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake and deception on the part of the public.

### COUNT VI

### COMMON LAW TRADMARK INFRINGEMENT
### AND UNFAIR COMPETITION

91.     Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 90 above as if same were fully set forth herein.

92.     Defendants have used the Leviton Marks in New York state and have caused products bearing the Leviton Marks to enter commerce in the United States and New York state.

93.     Defendants have intentionally and unfairly misappropriated Leviton's Marks with the intention of causing confusion, mistake and deception among consumers and the trade as to the source of the products with the intent to unfairly profit from Leviton's goodwill at Leviton's

#364039.14

expense.

94.     Defendants have intentionally and unfairly palmed off their products and/or services as the products of Leviton such that the purchasing public is likely to be confused as to source, sponsorship and/or affiliation.

95.     The aforesaid acts of Defendants were undertaken without the consent or permission of Leviton.

96.     As a result of the foregoing, Defendants have engaged in actions which constitute unfair competition and trademark infringement under the common law of the State of New York which has and will continue to have a detrimental effect on the general consuming public in violation of the common law of the State of New York.

97.     By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights.

98.     Leviton has no adequate remedy at law, and is suffering irreparable harm.

99.     Leviton is suffering damages as a result of the wrongful acts of Defendants in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

### COUNT VII

### UNFAIR COMPETITION AND
### DECEPTIVE BUSINESS PRACTICES UNDER
### N.Y. GEN. BUS. L. § 349

100.     Leviton repeats and re-alleges each of the allegations set forth in paragraphs 1 through 99 above as if same were fully set forth herein.

19

#364039.14

101.    Defendants' actions, as described herein, and specifically their use of the Leviton Marks in interstate and/or international commerce to advertise, promote, market and sell their competing electrical related products, constitute deceptive acts and/or practices within the State of New York and in violation of New York General Business Law § 349.

102.    Defendants' unauthorized use in interstate and/or international commerce of the Leviton Marks and a confusingly similar variation thereof in connection with the sale of their competing electrical products are likely to cause confusion, mistake and deception on the part of the public as to Defendants' affiliation, connection, or association with Leviton, and to cause confusion, mistake and deception as to the true origin, sponsorship, or approval of its products, all in violation of New York General Business Law § 349.

103.    Defendants have illegally used the Leviton Marks for the sole purpose of deceiving, misleading and confusing the trade and public and misleading those with whom Defendants and/or their products are connected and/or affiliated with Leviton, thereby taking unfair advantage of the reputation and goodwill cultivated by Leviton through Leviton's years of investment, effort, knowhow, promotion, advertisement and branding of the Leviton Marks.

104.    Defendants have undertaken these acts maliciously, willfully, with wonton disregard of Leviton's rights, and with the devious intent to cause confusion, mistake and deception on the part of the public and unfairly compete with Leviton and to prevent Leviton the opportunity to obtain compensation in connection with the commercial exploitation of its products and services.

105.    Defendants' acts have damaged Leviton's business reputation and goodwill and unjustly enriched Defendants.

106.    Defendants' acts have caused, and unless enjoined, will continue to cause,

#364039.14

irreparable harm and injury to Leviton's business reputation and goodwill for which there is no adequate remedy at law.

107.   Defendants' acts have also caused, and unless enjoined, will continue to cause, public confusion and substantial and irreparable harm to the public for which there is no adequate remedy at law.

108.   By reason of the foregoing, Leviton is entitled to a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 349.

109.   By reason of the foregoing, Leviton is also entitled to recover damages in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as treble damages, exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

**WHEREFORE,** Leviton prays that this Court enter judgment against Defendants as follows:

1.   Upon the First Count, Leviton be granted:

a.   a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights, pursuant to 15 U.S.C. §§ 1114 and 1116;

b.   an order requiring the recall and/or destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118; and

c.   damages in an amount to be determined at trial, but not less than

21

$500,000, plus interest, and Defendants' profits resulting from their acts of infringement, along with treble damages, statutory damages, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

2. Upon the Second Count, Leviton be granted:

a. a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights under 15 U.S.C. § 1125(a);

b. an order requiring the seizure and destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118; and

c. damages in an amount to be determined at trial, but not less than $500,000, plus interest, and Defendants' profits resulting from their acts of infringement, along with treble damages, costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117.

3. Upon the Third Count, Leviton be granted:

a. a preliminary and permanent injunction restraining Defendants, their officers, agents, employees, and all persons acting with them, from engaging in any further acts in violation of Leviton's rights, pursuant to 15 U.S.C. § 1125(c);

b. an order requiring the seizure and destruction of all infringing products, packaging and all other materials bearing infringing trademarks, pursuant to 15 U.S.C. § 1118; and

c. damages in an amount to be determined at trial, but not less than $500,000, plus interest, and Defendants' profits resulting from their acts of infringement, along with treble damages, statutory damages, costs and reasonable attorneys' fees, pursuant to 15

#364039.14

U.S.C. § 1117.

4.    Upon the Fourth Count, Leviton be granted:

a.    a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 360-1; and

b.    damages in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as treble damages, exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

5.    Upon the Fifth Count, Leviton be granted:

a.    a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 360-m; and

b.    damages in an amount to be determined at trial, but not less than $500,000, plus interest, including, but not limited to, profits made by Defendants using the Leviton Marks, as well as reasonable attorneys' fees and the costs of this action, pursuant to New York Gen. Bus. Law §360-m; and

c.    treble damages and reasonable attorneys' fees pursuant to New York Gen. Bus. Law §360-m, since Defendants' actions were undertaken willfully and with the intention of causing confusion, mistake and deception on the part of the public.

6.    Upon the Sixth Count, Leviton be granted:

a.    a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any

#364039.14

further acts in violation of Leviton's rights; and

        b.    damages as a result of the wrongful acts of Defendants in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

       7.    Upon the Seventh Count, Leviton be granted:

        a.    a preliminary and permanent injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with them, from engaging in any further acts in violation of Leviton's rights under New York General Business Law § 349; and

        b.    damages in an amount to be determined at trial, including, but not less than $500,000, plus interest, as well as treble damages, exemplary and punitive damages in an amount to be determined at trial, but not less than $1,000,000, plus costs and reasonable attorneys' fees.

       8.    On all Counts, such other and further relief as to the Court seems just, proper and equitable.

Dated: New York, New York
       March 11, 2013

                        KANE KESSLER, P.C.

                        By: _____
                             Dana M. Susman
                             Gerard Schiano-Strain
                        1350 Avenue of the Americas
                        New York, New York 10019
                        (212) 541-6222
                        *Attorneys for Plaintiff*
                        *Leviton Mfg. Co., Inc.*

24