UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

LEVITON MANUFACTURING CO., INC.,      Docket No. 13-cv-1629 (LGS)(SN)

                 Plaintiff,

         -against-                               **NOTICE OF MOTION FOR**
                                                       **PRELIMINARY INJUNCTION**
FASTMAC PERFORMANCE UPGRADES, INC. and
TRUEPOWER, INC.,

                 **Defendants.**

-------------------------------------------------------------------- X

       **PLEASE TAKE NOTICE** that upon the annexed declarations of Steve Campolo, dated March 11, 2013, Meir Blonder, Esq., dated March 11, 2013, and Erich Joachimsthaler, dated March 14, 2013, the exhibits attached thereto, the accompanying Memorandum of Law, and upon all of the pleadings heretofore and herein, Plaintiff Leviton Manufacturing Co., Inc. ("Leviton") will move this Court, before the Honorable Lorna G. Shofield, United States District Judge, on the ___ day of April, 2013, at 10:00 a.m. or as soon thereafter as counsel may be heard, for an Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure, granting Leviton a preliminary injunction enjoining defendants FastMac Performance Upgrades, Inc. ("FastMac") and TruePower, Inc. ("TruePower") (collectively, "Defendants"), their officers, agents, servants employees, attorneys and all other persons purporting to act in concert with them on their behalf, pending the final hearing and determination of this action, from:

       1.        manufacturing, advertising, promoting, marketing, selling and/or distributing products of Leviton which bear Leviton's trademarks and which have in any way been altered and/or modified by any person or entity not authorized to do so by Leviton,

including, but not limited to, any Leviton products which have been modified to include USB ports and/or other appendage(s) thereon by any person or entity not authorized by Leviton;

2. Imitating, copying or making unauthorized use of the Leviton products, name and/or marks;

3. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the Leviton name and/or trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Leviton or to any goods sold, manufactured, sponsored or approved by or connected with Leviton;

4. Using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any infringing product manufactured, distributed or sold by Defendants are in any manner associated or connected with Leviton, or is sold, manufactured, licensed, sponsored, approved or authorized by Leviton;

5. Engaging in any other activity constituting unfair competition with Leviton, or constituting infringement of the Leviton trademarks;

6. Taking any action, including through the use of the Leviton trademarks or any simulation, reproduction, copy or colorable imitation thereof, that dilutes the unique association between the Leviton trademarks and Leviton, or that tarnishes the reputation or image of Leviton;

7. Transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in Defendants' possession, custody or control bearing any

2

simulation, reproduction, counterfeit, copy or colorable imitation and/or actual Leviton trademarks which have been altered and/or modified by any person or entity not authorized to do so by Leviton, including any Leviton products which have been modified to include USB ports and/or other appendage(s) thereon by any person or entity not authorized by Leviton;

8. Disposing of, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receipt, acquisition, importation, purchase, sale, offer for sale, or distribution of any merchandise bearing any simulation, reproduction, counterfeit, copy, colorable imitation and/or actual Leviton trademarks; and

9. Instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in paragraphs 1 through 8 above;

10. Ordering Defendants to recall all products, packaging and all other materials bearing the Leviton name and/or trademarks which have been altered and/or modified by any person or entity not authorized to do so by Leviton, including any Leviton products which have been modified to include USB ports and/or other appendage(s) thereon by any person or entity not authorized by Leviton; and

11. Such other, further and different relief as to the Court seems just, proper and equitable.

#365364.1

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Rule 6.1(b), any opposing papers shall be served upon the undersigned counsel within fourteen (14) days from the date of service of this Notice.

Dated: March 15, 2013
      New York, New York

                **KANE KESSLER, P.C.**

                By: _/s/ Dana M. Susman_
                    Dana M. Susman
                    Gerard Schiano-Strain
                    *Attorneys for Plaintiff*
                    1350 Avenue of the Americas
                    New York, New York 10019
                    (212) 541-6222

To:    FastMac Performance Upgrades, Inc.
         1245 Laurelwood Road, Santa Clara, California 95054;
         1172 South Main Street Salinas, California 93901; and
         3030 Olcott Street Santa Clara, California 95054.

         TruePower, Inc.
         15466 Los Gatos Boulevard, Suite, 10967, Los Gatos, California 95032; and
         1172 S. Main Street, Suite 243, Salinas, California 93901