UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :
LEVITON MANUFACTURING CO., INC.,     :
                                  Plaintiff,    :
                                                        :       13 Civ. 01629 (LGS)
                 -against-                   :
                                                        :       OPINION AND ORDER
FASTMAC PERFORMANCE UPGRADES,     :
INC., et al.,                                               :
                                  Defendants.  :
                                                        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       On March 12, 2013, Plaintiff Leviton Manufacturing Co., Inc. brought this action for trademark infringement, false designations of origin and dilution under the Lanham Act and false and misleading commercial activities under New York law.  Following an entry of default judgment against Defendants Fastmac Performance Upgrades, Inc. and TruePower, Inc. on August 20, 2013, the Court referred the inquest on damages to Magistrate Judge Sarah Netburn for a report and recommendation (the "Report").  Judge Netburn filed the Report on February 28, 2014, recommending an award of $6,054,720 plus pre- and post-judgment interest, $91,182.40 in reasonable attorneys' fees and $4,480.63 in costs.  No objection to the Report was filed.  For the following reasons, the Court adopts the Report in its entirety.

**BACKGROUND**

       Findings of fact relevant to Defendants' liability and damages are set out in the Report and summarized here.

       According to the Complaint, Plaintiff Leviton is a manufacturer of electrical wiring devices, network and data center connectivity solutions and lightning energy management systems, and owns registered or pending trademarks on these products.  Defendants created and

resold modified versions of Plaintiff's electric receptacles and wall plates, which bear Plaintiff's mark, without Plaintiff's permission.  Plaintiff sent Defendants two cease and desist letters, but Defendants failed to answer or comply with the demands.

On March 15, 2013, three days after Plaintiff commenced this action, Plaintiff filed a preliminary injunction motion to prevent Defendants from, *inter alia*, producing, advertising, promoting, marketing, selling and distributing Plaintiff's products that have been modified without its authorization.  Defendant Fastmac filed a response in opposition to the motion, but Defendant TruePower did not.  On May 14, 2013, the Court granted Plaintiff's motion and set an expedited schedule for discovery and trial.  Thereafter, Defendant Fastmac's counsel moved to withdraw as attorney, and the Court granted that motion on July 8, 2013.  The Court ordered that Defendants obtain new counsel by July 24, 2013, and advised Defendants that failure to do so may result in an entry of default judgment against them.

On August 2, 2013, Plaintiff filed an order to show cause for a default judgment against Defendants.  Plaintiff argued that default judgment should be entered against Defendant TruePower for its failure to appear, answer, or otherwise defend in this action; and against Defendant Fastmac for its failure to comply with discovery obligations and the Court's orders dated May 14, 2013, and July 8, 2013.  Plaintiff sought default judgment against Defendants in the amount of $6,054,720 plus interest, and attorneys' fees and costs in the amount of $114,924.11.

On August 20, 2013, this Court granted default judgment against Defendants, finding that "Defendants' disregard for the Court's Order directing them to appear by counsel and True[P]ower's failure to appear in this action constitute failure to defend under Rule 55(a) . . . ." The Court enjoined Defendants from, *inter alia,* manufacturing, advertising, promoting,

marketing, selling and distributing products bearing Plaintiff's trademarks. The Court also referred the inquest on damages to Judge Netburn.

**STANDARD**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (citing Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).

The court must make a de novo review of any portions to which petitioner articulates a specific objection to a magistrate judge's decision on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made to the magistrate judge, the court will review the report strictly for clear error. *Crowell v. Astrue*, No. 08 Civ. 8019, 2011 WL 4863537, at *2 (S.D.N.Y. Oct. 12, 2011) (citing *Pearson–Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003)). Also, "a district court generally should not entertain new grounds for relief or additional legal arguments not presented to the magistrate." *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Even when exercising de novo review, "[t]he district court need not . . . specifically articulate its reasons for rejecting a party's objections." *Morris v. Local 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006).

**DISCUSSION**

With respect to Defendants' liability, Judge Netburn's Report finds that the Complaint has pleaded a prima facie case of trademark infringement in violation of 15 U.S.C. §1114(1). With respect to damages, the Report finds that Defendants intentionally and without authority used a counterfeit mark, and recommends that Plaintiff be awarded three times Defendants' infringing profits pursuant to 15 U.S.C. § 1117(a)-(b), amounting to $6,054,720. The Report finds that pre-judgment interest at the rate contained in 26 U.S.C. § 6621(a)(2) is warranted under 15 U.S.C. § 1117(b), and that post-judgment interest is required under 28 U.S.C. § 1961(a). Finally, the Report finds that Plaintiff's counsel has shown $91,182.40 in reasonable attorneys' fees and $4,480.63 in costs, and recommends that such amounts be awarded to Plaintiff.

Having reviewed the Report, to which no objection was made, the Court finds no clear factual error on the face of the record or in the legal analyses offered.

**CONCLUSION**

For the reasons stated above, the Court adopts the Report in its entirety. Plaintiff shall be awarded: (i) a principal amount of $6,054,720 in damages; (ii) pre-judgment interest at the rate contained in 26 U.S.C. § 6621(a)(2), from March 26, 2013, until the date judgment is entered; (iii) post-judgment interest according to the requirements set forth in 28 U.S.C. § 1961(a); (iv) reasonable attorneys' fees in the amount of $91,182.40; and (v) costs in the amount of $4,480.63.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 13, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE